```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS


BARLETTA HEAVY DIVISION, INC. )
                              )
            Plaintiff,        )    CIVIL ACTION NO.
                              )    07-12084-DPW
     v.                       )
                              )
                              )
LAYNE CHRISTENSEN COMPANY     )
                              )
            Defendant.        )
                              )
                              )
```

MEMORANDUM AND ORDER
September 22, 2011

I disposed of all motions in the above-captioned case pending post-trial in a memorandum dated April 13, 2011 (Dkt. No. 179) (Post-Trial Memorandum) and requested that Barletta Heavy Division, Inc. ("Barletta") and Layne Christensen Company ("Layne") submit a form of judgment consistent with the Post-Trial Memorandum. The parties filed a joint status report (Dkt. No. 180) which contained alternate forms of judgments reflecting two basic disagreements.

The first disagreement stems from the language in the summary conclusion of the Post-Trial Memorandum that "Barletta's motions for judgment as a matter of law on the insurance claims" are "granted in part and denied in part." Post-Trial Memorandum at 39. The language reflects the more fully articulated view in the body of the Post-Trial Memorandum that Layne would be responsible for paying any *applicable* deductible, but that Barletta did not demonstrate the losses at issue were in fact

covered by the insurance policy and therefore subject to a deductible. *Id*. at 15-33. Barletta thus prevailed on its theoretical argument that Layne had a duty to pay any deductible, but it failed as a practical matter to establish any liability attaching to this theory. For these reasons, I adopt in substance Layne's proposed judgment for Count I of the Complaint, which clarifies that Layne is not liable under the insurance provision of the Subcontract for the defense or indemnification of Barletta with respect to the third party claims at issue in this action.

The parties also dispute the amount of the pre-judgment interest owed by Barletta to Layne as a result of Barletta's retention during the pendency of this dispute of $163,372.98 in funds due to Layne. The parties agree that without reduction, the interest on the total amount retained is $75,68.43, applying the 12% statutory rate, Mass. Gen. Laws ch. 231 § 6C, over the period between mid-September 2006, when Layne's invoices became due, and late July 2010, when Barletta tendered payment.

Barletta argues that under the guidance of the Post-Trial Memorandum it does not owe the total amount because (1) it was not obligated to pay a retainage representing 5% of the total amount until the conditions in Article 9.4 of the Subcontract were met; and (2) the interest payment should be reduced further by $19,530.67, which represents the accumulated interest on

2

$42,457.97 Layne was owed for the four years between the time of the water damage and the time that Barletta received settlement from Layne's insurer, Zurich American Insurance Company. *See* Post-Trial Memorandum at 7-10.

With respect to the first aspect of the pre-judgment interest rate disagreement, Article 9.2 of the Subcontract authorized Barletta to withhold 5% of the amounts due Layne as retainage, and Article 9.4 provides that:

> The amounts to be retained by the General Contractor shall become due and payable upon determination by the Owner's Engineer of the final quantities hereunder and receipt of payment of the retainage by the General Contractor from the Owner; and, as a further condition precedent to payment of any sums due, when the Subcontractor has furnished satisfactory evidence reasonably acceptable to the Contractor (including the Final Release attached hereto), that the Subcontract work has been fully performed and all charges and claims satisfied and all bills paid in full for labor, materials, equipment and supplies, and when the Subcontractor has furnished the written guaranties referred to in Article 1 hereof.

Indeed, Layne did not dispute the applicability of this provision to 5% of the amount withheld by Barletta and its impact on the pre-judgment interest figure. Unfortunately, Barletta for its part did not, despite an extended period for doing so, furnish until this week information as to when the satisfaction of the conditions in Article 9.4 occurred.[1] Based upon this new

---

[1] In footnote 1 of the proposed final judgment submitted April 26, 2011, Barletta asked for seven days to report the date it received payment from the owner, Proposed Final Judgment at 2 n.1, Tab 1, Dkt. No. 180. No such information was provided to

information, as most recently revised by the parties' Joint Submission Regarding Interest Calculation, Dkt. No. 181, the relevant number for pre-judgment interest in light of Article 9.4, after consideration of delayed retainage, is $69,500.12. Layne does not dispute this figure and Barletta has now withdrawn its disagreement as to the aspect of the pre-judgment interest dispute.

I decline, however, to reduce the pre-judgment interest figure further in response to the second aspect of Barletta's argument. Barletta interprets the Post-Trial Memorandum to mean that Layne had an obligation to defend and indemnify Barletta against the claims of Richard Parella and Alan Lane, Jr., and to reimburse the expenses incurred in the defense and settlement of those claims. Proposed Final Judgment at 2 & n.1. Barletta contends that, as a result, it had the right to retain a portion of the amount owed Layne until the settlement of the insurance claim with Layne's insurer. Because I have concluded that Layne had no obligation to defend and indemnify Barletta with respect to these claims, *see* Post-Trial Memorandum at 24-32, I reject any decrease in the pre-judgment interest award on this ground.

---

the Court until the hearing earlier this week when Barletta reported the resulting discounted pre-judgment interest figure was $73,926.27. Following the hearing, Barletta's counsel informed the court that this figure was inaccurate and requested the opportunity to submit a revised figure.

Accordingly, I hereby direct the Clerk to enter Final Judgment in this matter as follows:

In accordance with the March 13, 2009 disposition of the parties' cross-motions for summary judgment; the October 20, 2009 jury verdict, the March 31, 2011 orders regarding, and the April 13, 2011 Memorandum explaining, the disposition of motions pending post-trial and the September 22, 2011 Memorandum in respect of the form of judgment is hereby ORDERED, ADJUDGED AND DECREED that

1. On Count I of the Complaint of Barletta against Layne, for declaratory judgment, that Layne (a) does not have an obligation to defend and indemnify Barletta against the claims asserted by Richard Parella, Alan Lane, Jr., and the Massachusetts Bay Transportation Authority ("MBTA"); (b) does not have an obligation to reimburse Barletta for the expenses it had incurred in defending against the claims asserted by Richard Parella, Alan Lane, Jr., and the MBTA; and (c) does not have an obligation to reimburse Barletta for the expenses it has incurred in settling the claims of Richard Parella, Alan Lane, Jr., and the MBTA.

2. On Counts II, III and IV of the Complaint, that judgment is granted Layne, and the claims therein asserted by Barletta are dismissed with prejudice.

3. On Count I of the Counterclaim of Layne against Barletta, judgment is granted Layne against Barletta in the amounts of:

    a. $163,372.98; and

    b. Accrued pre-judgment interest in the amount of $69,500.12;

provided that Layne shall have no further recovery of the $163,372.98 of damages set forth in 3.a, and no execution shall issue for that element of Layne's damages because the amount was paid by Barletta to Layne following trial of this matter; provided further that nothing in the preceding clause shall limit Layne's ability to recover on and obtain execution in the amount of pre-judgment interest set forth in paragraph 3.b.

4. On Count II of the Counterclaim, judgment hereby enters for Barletta in light of Layne's adequate remedy at law, as reflected in the judgment of Count I of the Counterclaim.

5. On Count III of the Counterclaim, judgment is granted Barletta; the claim asserted by Layne in Count III of the Counterclaim is dismissed with prejudice.

                                          */s/ Douglas P. Woodlock*
                                          DOUGLAS P. WOODLOCK
                                          UNITED STATES DISTRICT JUDGE